Page 1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Main Case No. 09-10497, Adv. Case Nos. 10-03339

5  - - - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7  FORTUNOFF HOLDINGS, LLC AND FARRISILK, INC.,

8           Debtors.

9  - - - - - - - - - - - - - - - - - - - - - -x

10  In the Matter of:

11  GAZES et al.,

12                    Plaintiffs,

13           v.

14  NEW YORK STATE DEPARTMENT OF LABOR.

15                    Defendant.

16  - - - - - - - - - - - - - - - - - - - - - -x

17              U.S. Bankruptcy Court

18              300 Quarropas Street

19              White Plains, New York

20

21              January 24, 2011

22              2:33 PM

23  B E F O R E:

24  HON. ROBERT D. DRAIN

25  U.S. BANKRUPTCY JUDGE

Page 2

1

2    HEARING re: Judge's Bench Ruling on Motion for Preliminary

3    Injunction

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sara Davis

Page 3

1

2   A P P E A R A N C E S :

3   WORKERS' RIGHT LAW CENTER OF NEW YORK, INC.

4        Attorney for Seth Kupferberg and the DOL

5        101 Hurley Avenue, Suite 5

6        Kingston, NY 12401

7

8   BY:   PATRICIA C. KAKALEC, ESQ. (TELEPHONICALLY)

9

10

11   OUTTEN & GOLDEN LLP

12        Attorneys for Iannacone et al.

13        3 Park Avenue, 29th Floor

14        New York, NY 10016

15

16   BY:   RENE S. ROUPINIAN, ESQ. (TELEPHONICALLY)

17

18

19   GAZES LLC

20        Attorneys for Ian G. Gazes, Chapter 7 Trustee

21        32 Avenue of the Americas

22        New York, NY 10013

23

24   BY:   JAYSON JARUSHEWSKY, ESQ. (TELEPHONICALLY)

25

1

2    ALSO LISTED ON APPEARANCES:

3    SETH M. KUPFERBERG, ESQ. (TELEPHONICALLY)

4    IAN G. GAZES, ESQ. (TELEPHONICALLY)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 5 of 26

Page 5

1                    P R O C E E D I N G S

2              THE COURT:  Good afternoon.  This is Judge Drain in In

3    re Fortunoff Holdings and Gazes v. New York State Department of

4    Labor.  Do I have counsel for the DOL and the trustee on the

5    phone?

6              MS. KAKALEC:  Yes, Your Honor.  Patricia Kakalec from

7    New York State Attorney General's Office for the DOL.

8              THE COURT:  Okay.

9              MR. JARUSHEWSKY:  And Jayson Jarushewsky from Gazes

10   LLC for Ian G. Gazes, the Chapter 7 Trustee.

11             THE COURT:  Okay.  And do I also have counsel for the

12   putative class action claimants?

13             MS. ROUPINIAN:  Yes, Your Honor.  Rene Roupinian on

14   behalf of Iannacone et al.

15             THE COURT:  Okay.  I understand from a call placed by

16   my chambers to the parties that there have not been further

17   settlement discussions in connection with the New York State

18   WARN Act claims and that it's highly unlikely that there will

19   be until the issue raised by the trustee's request for a

20   preliminary injunction is dealt with.  Is that correct as far

21   as the parties are concerned?

22             MR. JARUSHEWSKY:  Yes, Your Honor.

23             THE COURT:  Okay.  And who is that?

24             MR. JARUSHEWSKY:  I'm sorry, this is Jayson

25   Jarushewsky.

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 6 of 26

Page 6

1          THE COURT:  Okay.

2          MS. KAKALEC:  Your Honor, this is Patricia Kakalec

3     from the AG's office.  I believe that's the case, although the

4     attorney who's primarily has been handling this had a conflict

5     with the time change and so I'm not the attorney in the office

6     who's most familiar with it.  But I am familiar with the case

7     and my understanding is that that's true.

8          THE COURT:  Okay.  And that's fine.  I had expressed

9     the hope that this could all be resolved on a global basis, not

10    only at the hearing but I guess thereafter.  But I understand

11    the parties' issues and concerns and I'm not prepared to delay

12    this ruling further in light of the --

13         The matter before me is a motion by the Chapter 7

14    trustee in this case for either a declaration that the

15    automatic stay applies to an administrative proceeding

16    commenced by the New York State Department of Labor or DOL or,

17    in the alternative, to preliminarily enjoin that proceeding

18    under Section 105(a) of the Bankruptcy Code.  The proceeding at

19    issue is to enforce, to the extent applicable, the New York

20    State's Worker Adjustment and Retraining Notification Act, or

21    the New York WARN Act, W-A-R-N Act, New York Labor Law Section

22    863, 60-i.  It was commenced to determine whether pay or

23    back -- I'm sorry, back pay is owed to certain employees of the

24    debtor as a result of the termination of their employment,

25    starting shortly after the February 6th, 2009 Chapter 11 filing

Page 7

1    by the debtor, Fortunoff, and the ultimate sale of its business

2    and the closing down of various Fortunoff stores later that

3    summer.

4         The Court established a bar date for filing claims in

5    this case of June 5, 2009 and the New York DOL filed claims

6    under the New York WARN Act.  In addition, certain individual

7    employees or former employees of Fortunoff filed claims that

8    included both New York and federal WARN Act claims.  And

9    finally, in addition, a putative class of former Fortunoff

10   employees filed timely class claim -- or claim before the bar

11   date on behalf of that putative class asserting both federal

12   and New York WARN Act claims.  The case was converted to

13   Chapter 7 in light of the sale of the debtor's business and the

14   Court's determination that the debtor and its creditors and

15   other parties in interest were better served by conversion of

16   the case to Chapter 7.  And the Chapter 7 trustee, I believe

17   all agree, has been diligently determining the potential amount

18   of WARN Act claims, both under the New York State Warn Act and

19   the federal WARN Act and also liquidating the remaining assets

20   of the debtor's estate or the debtor's estates which consist of

21   litigation claims.

22        The trustee has opposed class certification for the

23   WARN Act putative class, but that issue has not yet been

24   determined by the Court.  The trustee has also expressed his

25   desire to resolve the WARN Act claims as a group, that is both

Page 8

1     the individual claims, the class claim and the New York State

2     claim; the former two groups of claims comprising, again, both

3     federal and New York WARN Act claims.  But they have not been

4     resolved consensually.  Negotiation of the WARN Act claims

5     would entail more than simply determining the upper most amount

6     of those claims and the factual issues surrounding them, but it

7     would also entail a resolution of the legal issues pertaining

8     to those claims, including whether various exceptions to the

9     federal and New York State WARN Act liability would apply.

10            The New York State WARN Act is a fairly recent

11    statute; it was enacted in 2008 and there is little case law

12    construing it and, as far as I could determine, no Bankruptcy

13    Court case law dealing with it at this point.  Unlike the

14    federal WARN Act, it provides not only for a private right of

15    action to enforce a valid New York State WARN Act claim but

16    also provides that the commissioner of the DOL has the right to

17    enforce the Act on behalf of the state.  Both enforcement

18    methods may be followed in a single case, that is civil,

19    individual or class action enforcement as well as enforcement

20    by the DOL.  See Section 860-g(4) which provides that in an

21    administrative proceeding by the commissioner, any liability

22    paid by the employer prior to the commissioner's determination

23    as the result of a private action brought under this article

24    and in a private action brought under this article, any

25    liability aid by the employer in an administrative proceeding

Page 9

1    by the commissioner, prior to the adjudication of such private

2    action, will reduce the liability in the other action.

3            It's clearly the case that, consistent with the

4    foregoing section of the statute, that the ultimate

5    beneficiaries of any monetary judgment under the New York WARN

6    Act would be the covered employees.  That is, whether they

7    bring the action themselves or whether the action is brought by

8    the New York Commissioner of the DOL.  The first issue before

9    the Court is whether the DOL administrative proceeding which

10   was commenced in November of 2009 after the filing of the

11   proofs of claim in this court and after the trustee had

12   objected to the class claim and was pursuing the resolution of

13   all of the claims, whether that proceeding commenced by the DOL

14   is subject to the automatic stay under Section 362(a)(4) -- I'm

15   sorry, under 362(a) of the Bankruptcy Code or is, instead,

16   subject to the exception to the automatic stay found in Section

17   362(b)(4) of the Code.

18           That exception provides, in relevant part, that the

19   automatic stay under paragraph 1, 2, 3 or 6 of Subsection (a)

20   of Section 362 of the commencement or continuation of an action

21   or a proceeding by a governmental unit to enforce such

22   governmental unit's police and regulatory power including the

23   enforcement of a judgment other than a money judgment obtained

24   in an action or proceeding by the governmental unit to enforce

25   such governmental unit's police or regulatory power is not

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 10 of 26

Page 10

1    subject to the automatic stay.

2         The DOL contends that the DOL administrative

3    proceeding falls within the exception, recognizing, as it must,

4    that if it in fact does fall within the exception, once the

5    amount of the claim is liquidated, any action to enforce the

6    claim against the debtor or its property or to determine the

7    priority of such liquidated claim or the applicability of the

8    ruling to third parties including, most particularly, to the

9    class action claimants, would be subject to the automatic stay

10   and further determination by this Court.  See SEC v. Brennan

11   230 F.3d 65 (2nd Cir. 2000) as well as 3 Collier on Bankruptcy,

12   paragraph 362.05[5][b] at page 362-65, 16th Edition 2010.

13        The trustee contends, on the other hand, that the DOL

14   action is subject to the automatic stay and that it does not

15   fall within the exception under Section 362(b)(4) and further,

16   that this is not the type of situation under the Second

17   Circuit's criteria set forth in In re Sonax 907 F.2d 1280 (2nd

18   Cir. 1990) under which the Court would lift the automatic stay

19   to permit non-Bankruptcy Court litigation to proceed.

20        The courts are in general agreement that Section

21   362(b)(4) is to be applied to a particular governmental action

22   by looking at the nature of the action and the other underlying

23   statute that it seeks to vindicate.  The Court does not have

24   the jurisdiction to determine the validity under the

25   nonbankruptcy statute of the governmental body's action, in

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 11 of 26

Page 11

1   this case, the validity of the DOL's bringing the

2   administrative proceeding but rather is limited to determining

3   whether that proceeding falls within the criteria set forth in

4   362(b)(4).  See Board of Governors v. MCorp Financial, Inc.,

5   502 U.S. 32, 40 through 41 (1991).

6        The courts have developed two tests to evaluate

7   whether the government's action falls within Section 362(b)(4),

8   although there is some dispute among the courts, including in

9   this circuit, whether the first test is narrow or not.  The

10  first test is whether the governmental unit is pursuing a

11  pecuniary interest rather than a matter of public safety or

12  welfare.  If it is the latter, then it would fall within the

13  exception.  If it is the former, it would not.  The second test

14  is the so-called public policy test.  That is, is the

15  government action designed to effectuate public policy rather

16  than to adjudicate private rights.  If it the former, then the

17  exception applies.  If it the latter, that is the adjudication

18  of private rights, it does not.

19       The controversy within courts in this jurisdiction is

20  whether the pecuniary interest test is properly seen as a

21  narrow test, wherein the government is asserting effectively

22  its own or third parties' pecuniary interest.  Or whether it

23  should be determined on a broader basis, that is broadening the

24  basis for the exception under 362(b)(4) and permitting the

25  exception to apply as long as the government is not looking to

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 12 of 26

Page 12

1    derive a pecuniary advantage placing it or its intended

2    beneficiaries at an advantage as against what would otherwise

3    be similarly situated creditors.

4          The former, narrow construction basically focuses on

5    whether the primary purpose of the government's action is to

6    obtain money for the government or third parties.  The latter

7    focuses on whether, essentially, the government's action either

8    in obtaining money or preventing the debtor from taking a

9    certain action would grant a priority to or prefer what would

10   otherwise be similarly situated parties.  Compare United States

11   ex rel. Fullington v. Parkway Hospital, Inc. 351 BR 280

12   (E.D.N.Y. 2006) with In re Enron Corp. 314 BR 524 (Bankr.

13   S.D.N.Y. 2004) and In re Chateaugay Corporation 115 BR 28

14   (Bankr. S.D.N.Y. 2008).  See also In re Pollock, P-O-L-L-O-C-K,

15   Jr. Stone Artist, Inc. 402 BR 534 (Bankr. N.D.N.Y. 2009) in

16   which Judge Littlefield noticed or noted the distinction but

17   found ultimately that under either test, the regulatory action

18   proposed would be exempt or excepted from the automatic stay

19   under Section 362(d)(4).

20         The trustee and the class action claimants who have

21   joined in support of the trustee's preliminary injunction

22   motion contend that the exception would not apply here and that

23   the government, through the DOL, is essentially vindicating

24   their private rights.  They point out that as Judge Gonzalez

25   did in the Enron Corporation that I've cited, as well as Judge

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 13 of 26

Page 13

1   Lifland in the Chateaugay Corporation that I've cited, the

2   debtor is out of business and will never resume business as

3   Fortunoff.  And consequently, the only immediate effect of the

4   DOL administrative proceeding is to fix the amount of the DOL's

5   claim on behalf of the former employees and for their ultimate

6   benefit and, therefore, that the claim liquidation proceeding

7   is one that has only a pecuniary purpose.  Albeit, not for the

8   government, but for the ultimate beneficiaries, the employees.

9        On the other hand, the DOL asserts that particularly

10  in the area of labor law, the courts have long recognized that

11  the ability of a governmental entity to seek and obtain a money

12  judgment is one that serves public policy and has an effective

13  deterrent effect on future conduct.  Even where, as is the case

14  here, the debtor itself will no longer be conducting business.

15  See, for example, the discussion by former Judge Garrity in In

16  re Ngan Gung Restaurant, Inc., that's spelled N-G-A-N G-U-N-G

17  Restaurant, Inc., 183 BR 639 (Bankr. S.D.N.Y. 1995), as well as

18  In re Travacom Communications, Inc. 300 BR 635 (Bankr. W.D.Pa.

19  2003) and the Court's discussion in In re Fiber Optek, O-P-T-E-

20  K, Interconnect Corp. 2009 WL 3074605 (Bankr. S.D.N.Y. Sept 23,

21  2009) of the widely recognized applicability of Section

22  362(d)(4) in contexts where a state regulatory body has been

23  asked to -- I'm sorry, is seeking to enforce monetary sanctions

24  for the benefit of third parties against a debtor, whether that

25  debtor is still operating or not.

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 14 of 26

Page 14

1          I recognize that the Fiber Optek discussion is dicta,

2     but certainly the cases that it cites and those cited in the

3     Ngan Gung case stand for the proposition.  See also NLRB v.

4     15th Avenue Ironworks, Inc., 964 F.2d 1136 (2nd Cir. 1992) and

5     numerous other decisions applying the exception of 362(d)(4) in

6     a labor law context where there is a separate right of action

7     by individual claimants or a private right of action and

8     monetary relief is sought.

9          See, generally, the case is cited at 3 Collier on

10    Bankruptcy, paragraph 362.05[5][b][i], footnote 97 and 95.

11    Here, the legislative history, at least, of the New York WARN

12    Act makes clear the public policy asserted by the legislature

13    to protect employees from precipitous termination by their

14    employers and legislature's belief that without the enforcement

15    power and ability of the DOL to seek monetary relief on behalf

16    of such employees, the foregoing purpose would not completely

17    served.  In light of that and the extensive case law applying

18    the exception of 362(b)(4) in a labor law context where money

19    damages are sought, including as against defunct entities, I

20    find that the 362(b)(4) exception applies to the DOL

21    administrative proceeding.

22          There is clearly, it seems to me, a one-to-one

23    correspondence as far as the actual remedy sought here which

24    would fit the DOL proceeding into the logic of Judge

25    Gonazalez's Enron Corporation case at 314 BR 524.  However,

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. V. NEW YORK STATE DEPARTMENT OF LABOR
Pg 15 of 26

Page 15

1    that case, I think, is distinguishable here on two grounds.

2    First, in that case, unlike here, other governmental bodies

3    were pursuing very similar actions on a wider scale against

4    Enron for its alleged wrongdoing.  Therefore, the State of

5    California's action seeking monetary damages for its citizens

6    for manipulation of the energy markets was viewed simply as

7    redundant or piling on, as afar as any public policy deterrence

8    effect, leaving the only basis, in essence, one of forum

9    shopping for liquidating a monetary claim.

10          Here, while there is an attempt on behalf of a

11   putative class to enforce a claim against the debtor against

12   the New York WARN Act as well as attempts by individual

13   claimants to do so, the DOL is not, I believe, piling on where

14   other governmental agencies have already done so.  Secondly,

15   the very nature of the New York WARN Act claim, that is a claim

16   arising upon termination based on, in this case at least and in

17   most cases, the shutting down of a substantial workplace, can

18   in large measure only be brought after the fact and

19   consequently can have a deterrent effect only on future

20   violations of the statute through a money judgment that can

21   then be pointed to if future employers seek to do the same

22   thing that the employer against whom the money judgment was

23   imposed did.

24          In other words, it seems an entirely legitimate means

25   to deter employers as a whole from violating the statute to

Page 16

1    seek a money judgment against an employer that's going out of

2    business or that has gone out of business.  Consequently, it

3    appears to me that the public policy and pecuniary interest

4    test, whether it's pecuniary advantage or the more narrow test,

5    would be satisfied here.  And again, as the DOL recognizes, the

6    stay would not apply only to the extent that the claim would be

7    liquidated.  It would continue to apply to enforcement and

8    determinations as to priority.

9         I'll further, then, turn to the trustee's request,

10   joined in by the class action claimants, to enjoin the

11   prosecution of the DOL administrative proceeding,

12   notwithstanding the congressional policy that it would be

13   exempt from the automatic stay under Section 362(b)(4).  The

14   parties disagree over the applicable standard for evaluating

15   the request for the entry of a preliminary injunction here.  In

16   essence, as to whether, given that the relief being sought is

17   against a governmental agency and effectively would grant

18   permanent relief since it would preclude the prosecution of the

19   DOL action, the trustee needs to show a likelihood of success

20   on the merits as well as irreparable harm.

21        The Court concludes that it does not need to resolve

22   that dispute for the following reasons.  First, the harm that

23   the trustee asserts would occur here if the DOL administrative

24   proceeding were permitted to resume and continue through the

25   liquidation of the claim is that he would need to litigate in

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 17 of 26

Page 17

 1   that proceeding the New York WARN Act issues, which would mean

 2   that there would be piecemeal litigation, not only of those

 3   issues since the individual and class action claims under the

 4   New York WARN Act are here before the Court and will be

 5   litigated here but also, because the New York WARN Act in many

 6   important respects is analogous or in fact word-for-word the

 7   same as the federal WARN Act which issues would be dealt with

 8   by this Court.

 9           Thus the trustee contends that he would be forced to

10   litigate essentially the same types of issues in two different

11   forums and secondly, that there's a distinct possibility that

12   the determination of those issues might result in contradictory

13   rulings.  The class action claimants also contend that the

14   litigation of the New York WARN Act issues in the DOL

15   proceeding would take more time than is appropriate for the

16   liquidation of these claims, this delaying any distribution to

17   the ultimate beneficiaries.  At least, if one goes not only

18   through the DOL proceeding itself, but also up through the

19   appellate chain in the New York State courts.  It is

20   importantly not the case that the litigation in the DOL

21   proceeding would jeopardize the debtor's reorganization or

22   rehabilitation, as I noted the debtor is in Chapter 7 and

23   moreover, the trustee would not be so distracted by the state

24   court -- I'm sorry, the DOL administrative proceeding that he

25   could not otherwise perform his job as Chapter 7 trustee of

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 18 of 26

Page 18

1    these estates.

2          Thus, I do not believe that the estates as

3    administered by the trustee would suffer irreparable harm here

4    if the DOL proceeding went forward.  Nor do I believe that the

5    balance of hardships would tilt decidedly in the trustee's

6    favor.  I have some serious concerns about whether, given the

7    policy behind Section 362(b)(4), I have the power even to

8    enjoin a governmental proceeding such as the DOL administrative

9    proceeding.  The Supreme Court in the MCorp case that I cited

10   earlier leaves that issue open, I believe.  Although noting,

11   consistent with the SEC v. Brennan case, that enforcement

12   issues by the plain meaning of the statute would still be

13   subject to the stay.

14         Collier, on the other hand, recognizes a power to

15   enjoin when necessary and appropriate to protect the debtor's

16   reorganization or rehabilitation effort, a governmental

17   proceeding that would otherwise be exempt under Section

18   362(b)(4).  See 3 Collier on Bankruptcy, paragraph

19   362.05[5][d].  However -- I'm sorry, [5][b], excuse me.

20   However, the authorities that it cites for that proposition are

21   not by any means the most compelling on that particular point,

22   since they're largely dicta on that point.  See In re Friarton

23   Estates Corp 65 BR 586 (Bankr. S.D.N.Y. 1986) and Saravia v.

24   1736 18th Street, NW Limited Partnership 844 f.2d 823 (DC

25   Circuit 1985).  Moreover, Collier states in the same paragraph,

10-03339-rdd    Doc 42    Filed 01/31/11    Entered 03/08/11 15:34:52    Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 19 of 26

Page 19

1  "a mere risk of increase in legal fees and diversion of the

2  debtor's time and resources might not be enough to get an

3  injunction because of the congressional policy providing some

4  protection to police or regulatory actions".  CF In re Adelphia

5  Communications Corp. 345 BR 69,78 (Bankr. S.D.N.Y. 2006) in

6  which case Judge Gerber made a distinction between, as he did,

7  in joining private attempt to enforce the antitrust laws that

8  jeopardized Adelphia's reorganization and sale with a

9  hypothetical governmental attempt to do so.

10      But in any event, it appears to me, given the context

11  of this case that while, as I said before, I have strongly

12  urged all of the parties not to proceed with litigation given

13  the limited pie here and all of the issues involved including

14  the overlapping issues of the federal WARN Act claims, to

15  settle those issues, I believe that I do not have the power

16  under these circumstances to interfere with the DOL's

17  determination, apparently notwithstanding the wishes of the

18  putative representatives of the DOL's own beneficiaries to

19  liquidate the claim in the DOL proceeding and subject to all of

20  the rights of appeal there from.

21      If I were to issue an injunction of a proceeding like

22  this, this is not the right context to do it in.  It would have

23  to be in a context that, as Collier recognizes, the debtor's

24  reorganization or rehabilitation is truly jeopardized by the

25  governmental proceeding.  Because of the trustee's inability to

GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR

Page 20

1   show the irreparable harm/balance of harm or meet the

2   irreparable harm/balance of harm test, I don't need to get into

3   the merits of the underlying dispute.  That is, whether the New

4   York WARN Act claims are valid or not or are subject to various

5   defenses.

6        The last point raised by the trustee at oral argument

7   and frankly also pursued by the Court at oral argument is

8   whether, given the timing of the commencement of the New York

9   DOL proceeding, that is several months after the issue was

10  joined in this court over WARN Act -- New York WARN Act claims,

11  t he First-to-File doctrine or any similar doctrine might apply

12  here.  That would lead the Court not on traditional preliminary

13  injunction grounds, but on a more equitable time management

14  basis to enjoin the latter commenced DOL proceeding.

15       I asked the parties to brief that issue and I'm

16  satisfied, based upon the submissions by the DOL, that the

17  First-to-File doctrine, to the extent it would have been

18  applicable if the DOL proceeding were not what it is but rather

19  a proceeding that was presently in federal court somewhere in

20  the nation, should not apply here.  The issues that the First-

21  to-File doctrine addresses, that is how to manage overlapping

22  litigation pending in two different courts, certainly do exist

23  here.  However, given that the DOL proceeding is an

24  administrative proceeding not in a federal court, the doctrine

25  does not apply.  That raises the possibility of inconsistent

10-03339-rdd    Doc 42    Filed 01/31/11    Entered 03/08/11 15:34:52    Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 21 of 26

Page 21

 1    results and inefficiencies, but I don't believe that I have the

 2    power to enjoin the DOL proceeding in light of those risks.

 3    See, generally, In re Cuyahoga Equipment Corp. 980 F.2d 110

 4    (2nd Cir. 1992) and William Gluckin & Company v. International

 5    Playtex Corp. as well as the other authorities cited in the

 6    DOL's post-hearing submissions.

 7            I had also raised at oral argument whether there is

 8    any practice or regulation dealing with the present set of

 9    facts which is where both the DOL and individual WARN Act

10    claimants have asserted claims and, indeed, where a putative

11    class has asserted claims on behalf of individuals.  To sort

12    out how those claims should be pursued as a practical matter,

13    the responses have not provided any guidance as to whether

14    there is any regulation or practice for sorting out how the

15    potentially conflicting interests of individual claimants under

16    the New York WARN Act are dealt with in light of the DOL's

17    decision to pursue a claim on their behalf.  Clearly, as the

18    DOL did point out, there are many instances in both New York

19    State and federal law where there is a potential for

20    overlapping claims involving private rights of action where

21    also regulators have rights of action.  I believe that the

22    existence of such overlapping claims, as asserted in this case,

23    doesn't preclude the DOL from pursuing its rights, which,

24    again, I found are not subject to the automatic stay in the

25    administrative proceeding.  And it will be incumbent upon the

10-03339-rdd   Doc 42   Filed 01/31/11   Entered 03/08/11 15:34:52   Main Document
GAZES et al. v. NEW YORK STATE DEPARTMENT OF LABOR
Pg 22 of 26

Page 22

1   entity presiding over that proceeding as well as the courts

2   over any appeal to try to balance the interests of the

3   individual claimants and the DOL and the potential for

4   resolution of those matters in front of me.

5           There is no formal motion for abstention in this case.

6   And I believe, particularly given that the proofs of claim

7   filed by the individual claimants of the class are not limited

8   to New York WARN Act claims, that I should proceed on whatever

9   appropriate schedule to determine those claims.  In addition,

10  the Code provides for the estimation of claims and the

11  liquidation of claims in a prompt and practical way and, of

12  course, furthers settlement.  So it's conceivable to me

13  certainly that the beneficiaries of the DOL claim may have

14  their claims not only determined but also settled in front of

15  me, at which point I'll have to determine how the crediting

16  mechanism really should work under the section of the New York

17  WARN Act that I previously quoted.  But in the meantime,

18  because I'm going to deny the trustee's request for injunctive

19  relief and to enforce the automatic stay, the DOL will be free

20  to proceed to liquidate its claims in the administrative

21  proceeding.

22          So, ma'am, could you have Mr. Kupferberg submit an

23  order consistent with my ruling by e-mail to chambers?

24          MS. KAKALEC:  Yes, Your Honor, I will do that.

25          THE COURT:  Okay.  Thank you.  You don't have to

Page 23

1    settle that order but, obviously, you should copy the trustee

2    and his counsel and class counsel when you send it in.  And, in

3    fact, it's probably a good idea to run it by them beforehand --

4              MS. KAKALEC:  I'll do that.

5              THE COURT:  -- so they're sure it's consistent with my

6    ruling.

7              MS. KAKALEC:  Yes, Your Honor.

8              THE COURT:  I apologize.  I had sort of let this slip

9    for a few weeks after I was informed that it was unlikely that

10   there would be a settlement absent a ruling by me.  Not that

11   there would be a settlement because of a ruling by me, either.

12   So I've given you my ruling orally as I often do when I give a

13   long bench ruling, I'll get the transcript after one of you or

14   I'll order it.  I'll review it carefully not only for typos and

15   mis-citations, but also to make changes if I think I left out

16   something that I should have said or put in something that was

17   inaccurate or, frankly, even to improve my grammar.  But the

18   substance of the ruling won't change, which is that the motion

19   for injunctive relief is denied and consequently, there's

20   really no purpose served in pursuing the complaint.  Although,

21   obviously, all of the trustee's defenses to the underlying

22   claim, whether it's litigated here or in the DOL administrative

23   proceeding, are fully preserved as well as, of course, any

24   responses to them.

25              Any questions?

Page 24

1          MS. KAKALEC:  No, Your Honor.

2          THE COURT:  Okay.  All right, thank you very much.

3          IN UNISON:  Thank you, Your Honor.

4          THE COURT:  Okay.

5          MS. KAKALEC:  Goodbye.

6     (Whereupon these proceedings were concluded at 3:38 PM)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 25

```
 1

 2                          I N D E X

 3

 4                          RULINGS

 5                                          Page      Line

 6     Motion for injunctive relief denied    22        18

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 26

1

2                          C E R T I F I C A T I O N

3

4    I, Sara Davis, certify that the foregoing transcript is a true

5    and accurate record of the proceedings.

6    Sara Davis   Digitally signed by Sara Davis
                  DN: cn=Sara Davis, c=US, o=Veritext
                  Reason: I am the author of this document
7    _____   Date: 2011.01.31 16:50:30 -05'00'

8    SARA DAVIS

9    AAERT Certified Electronic Transcriber CET**D 567

10   Veritext

11   200 Old Country Road

12   Suite 580

13   Mineola, NY 11501

14

15   Date:  January 31, 201

16

17

18

19

20

21

22

23

24

25